UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 2 2 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Tracy Pinkney, )
)
      Petitioner, )
)
v. ) Civil Action No. 14-845
)
United States of America, )
)
      Respondent. )

MEMORANDUM OPINION

Petitioner, a District of Columbia prisoner incarcerated at the Federal Correctional Complex in Coleman, Florida, has petitioned for a writ of habeas corpus and moved for leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the latter motion and will dismiss the case for want of jurisdiction.

Petitioner challenges the decisions of the Superior Court of the District of Columbia and the District of Columbia Court of Appeals barring his petition for collateral relief under D.C. Code § 23-110 as successive. *See* Pet. at 2; D.C. Code § 23-110(e) ("The court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.") To the extent that petitioner is seeking review of the local courts' rulings, jurisdiction is wanting because this Court is not a reviewing court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

1

Furthermore, "when [as here] a state court declines to address a prisoner's [habeas] claims because the prisoner had failed to meet a state procedural requirement, that judgment rests on independent and adequate state grounds, and federal habeas review of the prisoner's claim ordinarily is precluded." *Jones v. Holt*, 893 F. Supp. 2d 185, 191 (D.D.C. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)) (other citation omitted); *see Martinez v. Ryan*, --- U.S. ---, 132 S.Ct. 1309, 1316 (2012) (noting that "[t]here is no dispute that Arizona's procedural bar on successive petitions is an independent and adequate state ground"). As a general rule, a habeas petitioner who shows "cause for the default and prejudice from a violation of federal law" may obtain federal court review of a defaulted claim. *Martinez*, 132 S.Ct. at 1309. Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not ."). The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. *Garris*, 794 F.2d at 727; *Charles v. Chandler*, 180 F.3d 753, 756–58 (6th Cir.1999) (citing cases); *Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 125 (D.D.C. 2011) (citing cases).

The instant petition challenges the government's presentation of evidence at trial. *See* Pet. at 10-12. Such claims are reviewable under D.C. Code § 23-110, which "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see accord*

*Adams*, 810 F. Supp. 2d at 123-125 (finding claim of alleged trial errors barred). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Beryl A. Howell
United States District Judge

DATE: May 12th, 2014